1  G. Thomas Martin, III (SBN 218456)
   **PRICE LAW GROUP, APC**
2  15760 Ventura Blvd., Suite 1100
3  Encino, CA 91436
   Telephone: (818) 907-2030
4  Fax: (818) 205-3730
5  tom@plglawfirm.com

6  Attorneys for Plaintiff
7  Kiana Shante Johnson

8            **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  KIANA SHANTE JOHNSON akn          Case No.:
    KIANA SHANTE MAXWELL,
13                                     EDCV13-1044VAP(OPx)

14           Plaintiff,                **COMPLAINT AND DEMAND FOR
                                        JURY TRIAL**
15
    vs.
16                                      **(Unlawful Credit Reporting
    WELLS FARGO HOME                    Practices)**
17  MORTGAGE, INC., dba AMERICA'S
    SERVICING COMPANY;  TRANS
18  UNION, LLC; EQUIFAX               Unlimited Civil Jurisdiction
    INFORMATION SERVICES, LLC;
19  EXPERIAN INFORMATION
    SOLUTIONS, INC.; and DOES 1 to 10,
20  inclusive,
21

22

23           Defendants.

24

25       Plaintiff Kiana Shante Johnson ("Plaintiff"), by and through her attorney,

26  alleges the following against Defendants:

27

28

## INTRODUCTION

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Report Act ("FCRA"), 15 U.S.C. 1681, *et seq.*, and the Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25, *et seq.*  Plaintiff seeks actual damages, general damages, punitive damages, injunctive relief, costs and attorney's fees.

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."  The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff, Kiana Shante Johnson, is a natural person who resides in the city of Mira Loma, county of Riverside, California.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a).

6. Defendant Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company (hereinafter referred to as "WFHM") was at the time relevant to this claim a foreign corporation engaged in the business of, among other things, servicing mortgages and collecting debts thereon, with a principal place of business located at 7495 New Horizon Way, Frederick, MD 21703.

7. Defendant America's Servicing Company (hereinafter referred to as "ASC") is a mortgage servicing arm of WFHM.  Defendant ASC's principal place of business is located in Des Moines, Iowa.  Defendant ASC is licensed to and

regularly transacts business in the State of California including buying, selling, securitizing and/or servicing mortgages on property located in this State, specifically the mortgage provided to Plaintiff herein.

8.   Defendant ASC was an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA.  Defendant ASC is a "person" as defined by FCRA 1681a(b), and a "reseller" as defined by FCRA 1681a(u).

9.  Both Defendants WFHM and ASC will be collectively referred to as ASC.

10. Defendant, Trans Union, LLC (hereinafter "Trans Union"), is a national corporation with its principal place of business located at 555 West Adams, Chicago, Illinois.  At all relevant times herein, Defendant, Trans Union, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626.  At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing

or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. Defendant, Equifax, LLC (hereinafter "Equifax"), is a national corporation with its principal place of business located at 1550 Peachtree, St. NW Atland, Georgia, 30309.  At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

14. Plaintiff is informed and believed and on that basis allege that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff who is not a minor alleges that the following events and actions taken by Defendants occurred within the past two years.

16. In or about March 2006, Plaintiff purchased a single family residence located at 10102 Faywood St., Bellflower, CA 90706.  Plaintiff resided in the house from the date of purchase until the house foreclosed on or before October 2007.

17.   Upon information and belief, Plaintiff financed the purchase of the house with loans from Wells Fargo Home Mortgage.  The mortgage was secured by 1st and 2nd Deeds of Trust, the proceeds of which were used to pay for part or all the purchase price of the house.  ASC was the servicer of both mortgages.

18.   Due to financial hardship, Plaintiff stopped making the monthly loan payments on the loans.  Thereafter, the holder of the 1st deed of trust initiated foreclosure proceedings that resulted in a trustee's sale on or after October 2007.

19.   The effect of the foreclosure was to extinguish the loan secured by the 2nd deed of trust.

20.   In or around 2008, Plaintiff conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Trans Union (Collectively referred to as "CRAs"), and discovered inaccuracies in her credit file.

21.   Plaintiff found out that ASC was continuing to report to the three national credit reporting agencies that Plaintiff's loan account was past due and that she owed a balance of $115,321.00 on the second mortgage.

22.   Section 580b of the California Code of Civil Procedures provides that no deficiency judgment lies after a foreclosure in the case of a purchase money loan secured by a deed of trust provided the buyer resides in the property and that the proceeds of the loan went towards the purchase price. The loan held by ASC is subject to the terms of California Code of Civil Procedure 580b.

23.   Given the fact that the loan is subject to CCP Section 580b, ASC is barred from obtaining a judgment against Plaintiff.  Nor can ASC legally sue Plaintiff to collect on the loan.  If it did, ASC would be in violation of the California Fair Debt Collection Practices Act, Civil Code § 1788 et seq. and the federal Fair Debt Collection Act because ASC would be pursuing an invalid debt.

24. Given the fact that the loan may not be enforced, ASC's credit reports to the credit bureaus are inaccurate because they are misleading. The reports are misleading because creditors that view Plaintiff's credit reports would reasonably conclude that they owe $115,321.00 to ASC and that the account is "past due."

25. ASC's reports are also incomplete because ASC fails to disclose it cannot obtain a judgment on the loan account.

26. Plaintiff has repeatedly disputed the accuracy of the derogatory information reported by the Defendant to the consumer credit report agencies, requesting that Defendant correct the credit reporting to reflect accurately that $0.00 balance was owed by Plaintiff with no delinquent balance outstanding.

27. On or about April 2013, Plaintiff, again, formally disputed the negative, inaccurate information with all three CRAs.

28. Plaintiff sent the three national credit reporting agencies (Equifax, Experian & Trans Union) dispute letters in which she stated the precise reasons that ASC should not be reporting the account as having a balance or being past due or delinquent.

29. Upon receipt of the letters, the three credit reporting agencies each sent an automatic customer dispute verification form informing defendant ASC that the consumer was disputing its reporting of the status of the account.

30. On or about May 2013, Plaintiff received the results of investigation from Equifax, Experian and Trans Union.

31. Despite Plaintiff's exhaustive efforts to date to remove the erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate

1    information, have failed to report on the results of the reinvestigations and

2    have continued to report the derogatory information about Plaintiff.

3    32.   As a result of Defendants' conduct, Plaintiff was denied consumer credit and

4    the ability to buy a new automobile based on the inaccurate credit reporting.

5    33.   As a result of Defendants' conduct, Plaintiff was denied credit by various

6    companies to which Plaintiff had applied for credit.

7    34.   As a result of Defendants' conduct, Plaintiff was denied the opportunity to

8    refinance her rental home at a lower interest rates, and eventually lost her

9    other home to foreclosure because of not being able to afford the higher

10   payments.

11   35.   As a result of Defendants' conduct, Plaintiff was denied the opportunity to

12   rent her new home at a lower amount, which was being offered to renters with

13   good credit.

14   36.   As a result of Defendants' conduct, Plaintiff has suffered actual damages and

15   serious financial and pecuniary harm arising from monetary losses related to

16   credit denials, loss of use of funds, loss of credit and loan opportunities,

17   excessive and/or elevated interest rate and finance charges, out-of-pocket

18   expenses including, but not limited to, local or long distance telephone

19   charges, postage, faxing and other related costs, all of which will continue into

20   the future to Plaintiff's great detriment and loss.

21   37.   As a result of Defendants' conduct, Plaintiff has suffered great physical,

22   emotional and mental pain and anguish, and Plaintiff will continue to suffer

23   the same for an indefinite time in the future, all to Plaintiff's great detriment

24   and loss.

25   38.   As a result of Defendants' conduct, Plaintiff has suffered actual damages in

26   the form of financial and dignitary harm arising from the injury to credit

27

28

rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

39.   As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing her from being able to obtain credit.

## COUNT I – FIRST CLAIM FOR RELIEF
## DEFENDANT ASC VIOLATED
## FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

40.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.   The FCRA requires a furnisher such as ASC, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

42.   Within the last two years, defendant ASC provided inaccurate information to the credit reporting agencies.

43.   Within the past two years, Plaintiff notified Experian, Equifax, and Trans Union that their reports concerning ASC were inaccurate. Thereafter, the credit reporting agencies notified ASC that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

44.   ASC violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b);

a.  willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.  willfully and negligently failing to review all relevant information concerning Plaintiff' account provided to ASC;

c.  willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d.  willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e.  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

h.  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

45.  In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant improperly reported a balance and delinquencies to the CRAs.

46.   ASC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. 1681n.

## COUNT II – SECOND CLAIM FOR RELIEF
### DEFENDANT ASC VIOLATED
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,
### (CCCRA), California Civil Code §§1785.25(a)

47.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

49.   California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

50.   California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher

may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

51.   Defendant ASC negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

52.   Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT III – THIRD CLAIM FOR RELIEF
## DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION VIOLATED
## FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

53.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54.   The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

55.   The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the

dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

56.   Within the two years preceding the filing of this complaint, Plaintiff notified the defendant credit reporting agencies of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

57.   The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

58.   The defendant credit reporting agencies failed to review and consider all relevant information submitted by Plaintiff.

59.   The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of IS USC § 1681e(b).

60.   As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff sustained damages.

61.   The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

///
///
///
///
///
///
///
///

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

      a)  Actual damages;

      b)  Statutory damages;

      c)  Punitive damages;

      d)  Costs and reasonable attorney's fees.

      e)  An Order directing the Defendants to correct the derogatory credit reporting published about Plaintiff.

      e)  Any other relief that this Court deems to be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: June 5, 2013

                                      Respectfully submitted,

                                      PRICE LAW GROUP, APC

                                      G. Thomas Martin, III
                                      Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1044 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| KIANA SHANTE JOHNSON akn KIANA SHANTE MAXWELL, <br> *Plaintiff* <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, INC., et al. <br> SEE ATTACHED <br> *Defendant* | ) <br> ) <br> ) <br> ) EDCV13-1044 VAP (OPx) <br> )   Civil Action No. <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

SEE ATTACHED

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**JULIE PRADO**

Date: _____ JUN 1 1 2013 _____

*Signature of Clerk or Deputy Clerk*

G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Telephone: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff
Kiana Shante Johnson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIANA SHANTE JOHNSON akn KIANA SHANTE MAXWELL,<br><br>            Plaintiff,<br><br>vs.<br>WELLS FARGO HOME MORTGAGE, INC., dba AMERICA'S SERVICING COMPANY; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, inclusive,<br><br>            Defendants. | Case No.:<br><br>**ATTACHMENT TO SUMMONS IN A CIVIL ACTION** |

## ATTACHMENT TO SUMMONS

Defendant's name and address:
**WELLS FARGO HOME MORTGAGE, INC.,**
 **dba AMERICA'S SERVICING COMPANY**
1 Home Campus
Des Moines, IA 50328-0001

Defendant's name and address:
**TRANS UNION, LLC**
555 W Adams Street
Chicago, IL 60661

Defendant's name and address:
**EQUIFAX INFORMATION SERVICES, LLC.**
1550 Peachtree Street NE
Atlanta, GA 30309

Defendant's name and address:
**EXPERIAN INFORMATION SOLUTIONS, INC.**
475 Anton Blvd
Costa Mesa, CA 92626-7037

RESPECTFULLY SUBMITTED,

DATED: June 7, 2013          **PRICE LAW GROUP APC**

By:_____

G. Thomas Martin, III
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| KIANA SHANTE JOHNSON akn KIANA SHANTE MAXWELL | WELLS FARGO HOME MORTGAGE, INC., dba AMERICA'S SERVICING COMPANY; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, incl |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| G. Thomas Martin, III (SBN 218456) PRICE LAW GROUP, APC 15760 Ventura Blvd., Suite 1100, Encino, CA 91436 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No       ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1681 et seq. Violations of the Fair Credit Report Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## EDCV13-1044

| FOR OFFICE USE ONLY:   Case Number: _____ |
|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)     ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                  ☐ D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Iowa,<br>Illinois,<br>Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 06/07/2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |